IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PHILIP J. CHARVAT, on behalf of himself and others similarly situated, | : : : | Case No. 2:16-cv-00120 |
| Plaintiff, | : : | |
| v. | : : : | **JURY DEMANDED** |
| SHAMPAN LAMPORT LLC, | : : | |
| Defendant. | : : | |

## CLASS ACTION COMPLAINT

**Preliminary Statement**

1. Plaintiff Philip Charvat ("Plaintiff" or "Mr. Charvat") brings this action to enforce the consumer-privacy provisions of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, a federal statute enacted in 1991 in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices.  *See Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 745 (2012).

2. In violation of the TCPA, Shampan Lamport LLC ("Shampan Lamport") placed telemarketing calls to a telephone number Mr. Charvat had registered on the National Do Not Call Registry.  Mr. Charvat never consented to receive these calls, and they were placed to him for telemarketing purposes.

3. Because telemarketing campaigns generally place calls to hundreds of thousands or even millions of potential customers *en masse*, Mr. Charvat brings this action on behalf of a proposed nationwide class of other persons who received illegal telemarketing calls from or on behalf of the Defendant.

4. A class action is the best means of obtaining redress for the Defendant's wide scale illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

**Parties**

5. Plaintiff Philip Charvat is a resident of the state of Ohio.

6. Defendant Shampan Lamport LLC is a New York limited liability company that has its principal office in Nassau County.

**Jurisdiction & Venue**

7. The Court has federal question subject matter jurisdiction over these TCPA claims. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012).

8. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because the Plaintiff is a resident of this district, which is where he received the illegal telemarketing calls that are the subject of this putative class action lawsuit.

**TCPA Background**

9. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy[.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

10. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2). A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

11. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).

12. A person whose number is on the Registry, and who has received more than one telephone call within any twelve-month period by or on behalf of the same entity in violation of the TCPA, can sue the violator and seek statutory damages. 47 U.S.C. § 227(c)(5).

13. The regulations exempt from liability a caller who has obtained the subscriber's signed, written agreement to receive telephone solicitations from the caller. 47 C.F.R. § 64.1200(c)(2)(ii). That agreement must also include the telephone number to which the calls may be placed. *Id.*

## Factual Allegations

### *Shampan Lamport places telemarketing calls to the Plaintiff*

14. Mr. Charvat's home telephone number, (614) 895-XXXX, has been on the National Do Not Call Registry since 2011.

15. On August 28, September 5, September 6, September 7, September 19, 2012, and February 27, 2013, the Plaintiff received telephone calls from telemarketing representatives from the Defendant advertising services.

16. Plaintiff is not a customer of Defendant and has not provided Defendant with his personal information or telephone number.

## Class Action Allegations

17. As authorized by Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of a class of all other persons or entities similarly situated throughout the United States.

18. The class of persons Plaintiff proposes to represent is tentatively defined as all persons within the United States whose phone numbers were registered on the Do Not Call Registry, and who, within the four years before the filing of the initial Complaint, through the date of class certification, received more than one telemarketing call within any twelve-month period from, or on behalf of, Defendant.

19. Excluded from the class are the Defendant, and any entities in which the Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

20. The class as defined above is identifiable through phone records and phone number databases.

21. The potential class members number at least in the thousands. Individual joinder of these persons is impracticable.

22. Plaintiff is a member of the class.

23. There are questions of law and fact common to Plaintiff and to the proposed class, including but not limited to the following:

    a. Whether Defendant violated the TCPA by calling individuals on the National Do Not Call Registry;

    b. Whether Defendant placed calls without obtaining the recipients' prior consent for the call; and

    c. Whether the Plaintiff and the class members are entitled to statutory damages as a result of Defendant's actions.

24. Plaintiff's claims are typical of the claims of class members.

25. Plaintiff is an adequate representative of the class because his interests do not conflict with the interests of the class, he will fairly and adequately protect the interests of the class, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions.

26. The actions of the Defendant are generally applicable to the class as a whole and to Plaintiff.

27. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

28. The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

29. Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

## Legal Claims

### Count One:
### Violation of the TCPA's Do Not Call provisions

30. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

31. The Defendant violated the TCPA by (a) initiating telephone solicitations to persons and entities whose telephone numbers were listed on the Do Not Call Registry, or (b) by the fact that others made those calls on its behalf. *See* 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).

32. The Defendant's violations were negligent and/or knowing.

5

## Count Two:
## Injunctive relief to bar future TCPA violations

33.     Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

34.     The TCPA authorizes injunctive relief to prevent further violations of the TCPA.

35.     The Plaintiff respectfully petitions this Court to order the Defendant, and its employees, agents, and independent distributors, to immediately cease engaging in unsolicited telemarketing in violation of the TCPA.

## Relief Sought

For himself and all class members, Plaintiff requests the following relief:

1.      That Defendant be restrained from engaging in future telemarketing in violation of the TCPA;

2.      That Defendant, and its agents, or anyone acting on its behalf, be immediately restrained from altering, deleting, or destroying any documents or records that could be used to identify class members;

3.      That the Court certify the claims of the named Plaintiff and all other persons similarly situated as class action claims under Rule 23 of the Federal Rules of Civil Procedure;

4.      That the Plaintiff and all class members be awarded statutory damages of $500 for each negligent violation of the TCPA, and $1,500 for each knowing violation;

5.      That the Court appoint Plaintiff as class representative;

6.      That the Court appoint the undersigned counsel as counsel for the class;

7.      That the Court enter a judgment permanently enjoining the Defendant from engaging in or relying upon telemarketing, or, alternatively, from engaging in or relying upon telemarketing that violates the TCPA;

8. That, should the Court permit Defendant to engage in or rely on telemarketing, it enter a judgment requiring them to adopt measures to ensure TCPA compliance, and that the Court retain jurisdiction for a period of six months to ensure that the Defendant complies with those measures;

9. That the Court enter a judgment finding that Defendant is liable to Plaintiff and all class members for all violations arising from the calls; and

10. That the Plaintiff and all class members be granted other relief as is just and equitable under the circumstances.

**Plaintiff requests a jury trial as to all claims of the complaint so triable.**

Respectfully submitted,

**/s/ Brian K. Murphy**
Brian K. Murphy, Trial Attorney (0070654)
Joseph F. Murray (0063373)
Geoffrey J. Moul (0070663)
Murray Murphy Moul + Basil LLP
1114 Dublin Road
Columbus, OH 43215
(614) 488-0400
(614) 488-0401 *facsimile*
E-mail: murphy@mmmb.com
murray@mmmb.com
moul@mmmb.com

Edward A. Broderick
Anthony I. Paronich
Broderick Law, P.C.
99 High Street, Suite 304
Boston, MA 02110
(617) 738-7080
(617) 830-0327 *facsimile*
Email: ted@broderick-law.com
anthony@broderick-law.com
*Subject to Pro Hac Vice*

7

Matthew P. McCue
The Law Office of Matthew P. McCue
1 South Avenue, Suite 3
Natick, MA 01760
(508) 655-1415
(508) 319-3077 *facsimile*
E-mail: mmccue@massattorneys.net
*Subject to Pro Hac Vice*