# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**PHILIP J. CHARVAT,**

    **Plaintiff,**

                              Case No. 2:14-cv-2205
                              Judge George C. Smith
    v.                           Magistrate Judge Elizabeth P. Deavers

**NATIONAL HOLDINGS**
**CORPORATION,**

    **Defendant.**

## OPINION AND ORDER

This matter is before the Court for consideration of Defendant's Motion for Leave to Amend Answer. (ECF No. 56.) For the reasons explained below, Defendant's Motion is **DENIED**.

## I.

Plaintiff Philip J. Charvat, has filed a putative class action complaint alleging that Defendant National Holdings Corporation violated 47 U.S.C. § 227, the Telephone Consumer Protection Act (TCPA), by placing telemarketing calls to telephone numbers registered on the national Do Not Call Registry and Defendant's Internal Do Not Call List. (ECF No. 1 at 5.). Mr. Charvat filed his complaint on November 11, 2014, and Defendant filed its answer and affirmative defenses On December 30, 2014. (ECF No. 10.) On January 13, 2015, Defendant filed its amended answer and affirmative defenses. (ECF No. 12.) On April 2, 2015, Defendant filed its Second Amended Answer and affirmative defenses. (ECF No. 29.) On

November 20, 2017, Plaintiff filed his Amended Complaint, (ECF No. 50), and on December 4, 2017, Defendant filed its Answer and affirmative defenses (ECF No. 52).  On April 18, 2018, Defendant filed a Motion for Leave to File Amended Answer to add the defense that the Court lacks personal jurisdiction over it with respect to class members who are not residents of Ohio. (ECF No. 56.)  Plaintiff opposes Defendant's Motion.  (ECF No. 59.)

**II.**

At this stage in the litigation, Defendant may amend its answer and affirmative defenses only "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a). Leave should be freely given "when justice so requires," *Id.*  A motion to amend, however, "should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile."  *Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir. 2010) (citation and internal quotation marks omitted).  In the instant case, Defendant has waived its defense related to personal jurisdiction and its request is otherwise untimely.

Defendant seeks to add a personal-jurisdiction challenge with respect to putative class members who do not reside in Ohio.  In support of its position, Defendant chiefly relies on *Bristol-Myers Squibb Co. v. Superior Court of California*, ––– U.S. ––––, 137 S.Ct. 1773 (2017), and *DeBernardis v. NBTY, Inc.*, No. 17-C-6125, 2018 WL 461228 (N.D. Ill. Jan. 18, 2018). *Bristol-Myers* involved mostly non-Californian plaintiffs, injured outside of California, who brought a mass tort product-liability action against Bristol-Myers, a pharmaceutical manufacturer which was not subject to general jurisdiction in California.  137 S.Ct. at 1779.  The Supreme Court ruled that Bristol-Meyers' due process rights would be violated if the state court exercised

2

personal jurisdiction over it with respect to nonresidents' claims based on injuries outside the forum. *Id*. at 1781.

After the Supreme Court's decision, in January 2018, a court in the District Court for the Northern District of Illinois held that the *Bristol-Meyers* holding, which arose in the context of a state case, applied to a federal class action. *DeBernardis.*, 2018 WL 461228.  The *DeBernardis* court found that Bristol-Meyers would operate to foreclose class actions in a forum where there is no general jurisdiction over the defendants. *Id*. at *2.  The court therefore granted the defendants' motion to dismiss as to out-of-state plaintiffs.

Defendant posits that these cases significantly altered the law as it existed when it filed its previous answers and affirmative defenses, giving rise to a defense that it could not have asserted at the time it filed its responsive pleadings. (ECF No. 60 at 4.) Defendant contends that it could not have objected to personal jurisdiction with respect to nonresident putative class members because the Supreme Court did not decide *Bristol-Myers* until June 2017, and the district court in Illinois did not decide *DeBernardis* until January 2018. (*Id.*)  It notes that it filed its Motion to Amend its Answer three months after *DeBernardis*.

Defendant must raise any personal jurisdiction defense in its first responsive pleading, or else it is waived. Fed. R. Civ. P. 12(h)(1). "Case law is unanimous in holding . . . that where a defendant files a pre-answer motion to dismiss or an answer, without raising the defense of a lack of in personam jurisdiction, he waives any objection to that defect." *Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 701 (6th Cir. 1978).

Defendant argues *Bristol-Myers*, as applied in *DeBernardis*, is an intervening change in controlling law permitting it to raise the issue for the first time three-and-a-half years after filing its initial answer and seventeen months after filing its last responsive pleading. (ECF No. 60 at

3

4.) Courts have applied this "narrow equitable exception" to the raise-or-waive rule with "great circumspection." *Bennett v. City of Holyoke*, 362 F.3d 1, 7 (1st Cir. 2004).

> Ordinarily, we will invoke the exception and excuse a party from failing seasonably to have raised a defense only if (i) at the time of the procedural default, a prior authoritative decision indicated that the defense was unavailable, and (ii) the defense became available thereafter by way of supervening authority (say an overruling of the prior decision or a legislative clarification).

*Id*. (citing *United States v. Lopez-Pena*, 912 F.2d 1542, 1549 (1st Cir. 1989); *Curtis Pub. Co. v. Butts*, 388 U.S. 130, 143-145 (1967); *Holzsager v. Valley Hosp.*, 646 F.2d 792, 794-96 (2d Cir. 1981)).

In *DeBernardis*, the court based its ruling on the belief "that it is more likely than not based on the Supreme Court's comments about federalism that the courts will apply *Bristol-Myers Squibb* to outlaw nationwide class actions in a forum, such as in this case, where there is no general jurisdiction over the Defendants." 2018 WL 461228 at *2. According to Defendant's interpretation of the *DeBernardis* court, *Bristol-Meyers* created, or will more likely than not lead to, a new personal jurisdiction defense with respect to out-of-state members of a putative class, thus excusing Defendant's forfeiture of that defense. (ECF No. 60 at 4; 2018 WL 461228 at *2. But, *DeBernardis* does not announce a supervening change in the law; in fact, it acknowledges a split in the courts on this issue. 2018 WL 461228 at *2.

Moreover, *DeBernardis* does not support Defendant's proposition that the traditional waiver rule is inapplicable in the instant case. Indeed, the *DeBernardis* Defendant did not waive its personal jurisdiction defense and prevailed on its motion to dismiss precisely because it was timely asserted. *Id*. at *1, *3. More importantly, however, the *Bristol-Myers* majority did not expressly create a new personal jurisdiction defense. Instead, the Supreme Court concluded that "[o]ur settled principles regarding specific jurisdiction control this case." 137 S.Ct. at 1781.

4

Indeed, the justices referred to their holding as resulting from their "straightforward application . . . of settled principles of personal jurisdiction." *Id*. at 1783.

Subsequent courts have similarly concluded that *Bristol-Myers* was not an intervening change in controlling law. *Morning Song Bird Food*, No. 12-cv-1592, 2018 WL 1382746, at *2 (S.D. Cal. March 19, 2018) (*Bristol-Myers* was not intervening change in controlling law); *Sloan v. General Motors LLC*, 287 F. Supp. 3d 840, 854 (N.D. Cal. 2018) ("[T]he Supreme Court expressly stated that its decision did not inaugurate a change in law."). In *Alvarez v. NBTY, Inc.*, the court found the defendants' personal jurisdiction defense available for class action cases under well-settled law before *Bristol-Myers*, including that a defendant can challenge personal jurisdiction relating to each named plaintiff in a class action, and required strict application of the traditional waiver rule. No. 17-cv-00567, 2017 WL 6059159, *4 (S.D. Cal. Dec. 6, 2017). At least one court in the Sixth Circuit has found that the strict waiver requirement remains unchanged after *Bristol-Myers* and applies to facts substantially the same as presented by the instant case. *Sobol v. Imprimis Pharms.,* No. 16-14339, 2018 WL 2424009, at *2-*3 (E.D. Mich. May 29, 2018). Neither *Bristol-Myers* nor the cases interpreting it have identified binding precedent that would have changed the long-held rule that a defendant waives its defense that the court lacks subject matter jurisdiction by failing to assert it at the first available opportunity. *See, e.g., Days Inns Worldwide, Inc. v. Patel*, 445 F.3d 899, 905 (6th Cir. 2006) ("[U]nlike subject-matter jurisdiction, which is both an Article III and a statutory requirement, the requirement of personal jurisdiction flows from the Due Process Clause and protects an individual liberty interest. The requirement that a court have personal jurisdiction is a due process right that may be waived either explicitly or implicitly.")

Defendant also argues that waiver does not apply in the instant case because assertion of a personal jurisdiction defense against unnamed out-of-state Plaintiffs is premature at the initial pleading stage and is properly raised for the first time at the class certification stage. (ECF No. 60 at 3-4.) Defendant contends that the defense in fact is not yet even available because it only applies at the class certification stage and that it is only proposing it now "out of an abundance of caution." (*Id.*) Defendant's arguments in this regard are without merit and the cases upon w which it relies are inapposite.

Defendant cites *Chernus v. Logitech, Inc.,* No. 17-673(FLW), 2018 WL 1981481 (D. N.J. April 27, 2018), as support for its novel argument. The *Chernus* court, however, does not endorse the idea that a Defendant need not *assert* its defense at the initial pleading stage when it has received notice of unnamed out-of-state Plaintiffs. Rather, *Chernus* stands merely for the proposition that it is premature for the court to rule on a challenge to personal jurisdiction with respect to unnamed out-of-state Plaintiffs prior to the class certification stage. 2018 WL 1981481 at *6 ("I find that *resolving* this question is premature.") (emphasis added). *Weisheit v. Rosenberg & Assocs., LLC*, No. 17-0823, 2018 U.S. Dist. LEXIS 70784 (D. N.J. April 27, 2018) is equally unavailing. Although the court did indicate that defendant "raised its *Bristol-Myers* argument too early, it did so because the procedural posture of the case was such that the court could not know whether it would certify a class at all, not because it had to decide the personal-jurisdiction question at the class certification stage. *Id.* at *5. Accordingly, Defendant's argument that the traditional waiver rule does not apply in the instant matter is without merit.

### III.

For the reasons explained above, the Court therefore finds that Defendant has waived its right to amend its affirmative defenses to assert an affirmative personal jurisdiction defense with

respect to unnamed out-of-state Plaintiffs. Accordingly, Defendant's Motion for Leave to Amend Answer is **DENIED**. (ECF No. 56.)

**IT IS SO ORDERED.**

Date: July 26, 2018             /s/ *Elizabeth A. Preston Deavers*
                         ELIZABETH A. PRESTON DEAVERS
                         UNITED STATES MAGISTRATE JUDGE